JOHAN R. PIETILA, OSB #151373
pietiljr@jacksoncounty.org
JOEL C. BENTON, OSB #110727
bentonjc@jacksoncounty.org
Jackson County Counsel
10 S. Oakdale Avenue
Medford, OR 97501
Telephone: (541) 774-6160
Facsimile: (541) 774-6722
Attorneys for Defendants

UNITED STATES DISTRICT

COURT DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **JUAN ANTHONY SANCHO,** an individual,<br><br>Plaintiff,<br><br>vs.<br><br>**JACKSON COUNTY, OREGON,** an Oregon governmental entity; and in their individual and official capacities as deputies employed by Jackson County Oregon Sheriff's Department, **BRADY BJORKLUND, DAMIEN BUCKMAN, JEFFREY CARPENTER, STEPHEN DAFFRON, DAVID DALTON, MELISSA DICOSTANZO, TROY HAMILTON, MICHAEL HAMMOND, CYNTHIA MALLARI, TAWNYA SELLERS, DENNIS STEIGER, AND DANIELLE THURNBAUER.**<br><br>Defendants. | Case No: 1:20-cv-01232-CL<br><br>**COUNTY DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT** |

In response to the First Amended Complaint ("Complaint"), defendants Jackson County, David Dalton, Brady Bjorklund, and Michael Hammond, (hereinafter "County Defendants"), by and through their attorney of record, Johan R. Pietila, respectfully admit, deny, and allege as

Page | 1 – COUNTY DEFENDANTS' ANSWER TO FIRST AMENEDED COMPLAINT

follows:

1.

With regard to Paragraph 1 of the Complaint, County Defendants admit that this Court has jurisdiction over County Defendants to resolve the claims raised in Plaintiffs' Complaint in accordance with 42 U.S.C. §1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. §1367, and 28 U.S.C. §1332.

With regard to the remainder of Paragraph 1 of the Complaint, to the extent any other legal conclusions or factual allegations are made in Paragraph 1, County Defendants deny the same.

2.

With regard to Paragraph 2 of the Complaint, County Defendants admit that venue is appropriate in this Court as to County Defendants.

With regard to the remainder of Paragraph 2 of the Complaint, to the extent any other legal conclusions or factual allegations are made in Paragraph 2, County Defendants deny the same.

3.

With regard to Paragraph 3 of the Complaint, County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, to the extent legal conclusions or factual allegations are made therein, County Defendants deny the same.

4.

With regard to Paragraph 4 of the Complaint:

County Defendants admit that Jackson County is a county in Oregon.

County Defendants admit that the Jackson County Sheriff's Office is a component of Jackson County and that the Jackson County Jail (hereafter "Jail") is a component of the Jackson County Sheriff's Office.

County Defendants admit that Brady Bjorklund, Damien Buckman, Jeffrey Carpenter, Stephen Daffron, David Dalton, Melissa DiCostanzo, Troy Hamilton, Michael Hammond, Cynthia Mallari, Tawnya Sellers, Dennis Steiger, and Danielle Thurnbauer are, or were, employed by Jackson County in the sheriff's department and were on duty on April 18, 2019.

County Defendants admit that Defendant Carpenter was a sergeant in the Corrections Division of the Jackson County Sheriff's Office.

County Defendants deny that Defendant DiCostanzo was a deputy sheriff in the Corrections Division[1].

County Defendants admit that each of the other individual defendants was a Jackson County deputy sheriff in the Corrections Division.

With regard to the remainder of Paragraph 4 of the Complaint, to the extent any other legal conclusions or factual allegations are made therein, County Defendants deny the same.

5.

With regard to Paragraphs 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17 of the Complaint, County Defendants are without knowledge or information sufficient to respond. Therefore, to the extent any factual allegations and legal conclusions are made therein, County Defendants deny the same.

6.

With regard to Paragraph 18 of the Complaint, County Defendants admit that the Jackson

---

[1] Melissa DiCostanzo is a Sergeant.

Page | 3 – COUNTY DEFENDANTS' ANSWER TO FIRST AMENEDED COMPLAINT

County Sheriff's Office had Law Enforcement Policies in place when Plaintiff was lodged in Jail.

With regard to the remainder of Paragraph 18 of the Complaint, County Defendants are without knowledge or information sufficient to respond.  Therefore, to the extent legal conclusions or factual allegations are made therein, County Defendants deny the same.

7.

With regard to Paragraph 19 of the Complaint, County Defendants are without knowledge or information sufficient to respond.  Therefore, to the extent any factual allegations and legal conclusions are made therein, County Defendants deny the same.

8.

With regard to Paragraph 20 of the Complaint, County Defendants admit Plaintiff was released from jail at approximately 1245 hours on April 18, 2019.

With regard to the remainder of Paragraph 20 of the Complaint, County Defendants are without knowledge or information sufficient to respond. Therefore, to the extent legal conclusions or factual allegations are made therein, County Defendants deny the same.

9.

With regard to Paragraphs 21, 22, and 23, County Defendants are without knowledge or information sufficient to respond. Therefore, to the extent any factual allegations and legal conclusions are made therein, County Defendants deny the same.

10.

With regard to Paragraph 24, County Defendants are without knowledge or information sufficient to respond. Therefore, to the extent any factual allegations and legal conclusions are made therein, County Defendants deny the same.

11.

With regard to Paragraph 25 of the Complaint, County Defendants incorporate by reference their responses to Paragraphs 1 through 24 of the Complaint.

12.

With regard to Paragraphs 26, 27, 28, and 29 of the Complaint, County Defendants deny the allegations.

13.

With regard to Paragraph 30 of the Complaint, County Defendants incorporate by reference their responses to Paragraphs 1 through 24 of the Complaint.

14.

With regard to Paragraph 31 of the Complaint, County Defendants are without knowledge or information sufficient to respond. Therefore, to the extent any factual allegations and legal conclusions are made therein, County Defendants deny the same.

15.

With regard to Paragraph 32 of the Complaint, County Defendants admit Plaintiff provided Jackson County with notice as required by ORS 30.275.

With regard to the remainder of Paragraph 32 of the Complaint, County Defendants are without knowledge or information sufficient to respond. Therefore, to the extent any factual allegations and legal conclusions are made therein, County Defendants deny the same.

16.

With regard to Paragraph 33, County Defendants deny the allegations.

17.

With regard to Paragraphs 34, 35, 36, and 37 of the Complaint, County Defendants are

without knowledge or information sufficient to respond. Therefore, to the extent any factual allegations and legal conclusions are made therein, County Defendants deny the same.

18.

With regard to Paragraph 38 of the Complaint, County Defendants incorporate by reference their responses to Paragraphs 1 through 24 and Paragraphs 33 through 36 of the Complaint.

19.

With regard to Paragraph 39 of the Complaint, County Defendants are without knowledge or information sufficient to respond. Therefore, to the extent any factual allegations and legal conclusions are made therein, County Defendants deny the same.

20.

With regard to Paragraphs 40 and 41 of the Complaint, County Defendants deny the allegations.

21.

With regard to Paragraph 42 and 43 of the Complaint, County Defendants deny the allegations.

22.

With regard to Paragraph 44 of the Complaint, no allegation or legal conclusion is made, and therefore no response is required.

23.

**AFFIRMATIVE DEFENSES**

County Defendants incorporate herein the admissions, denials, and allegations set forth above.

24.

**FIRST AFFIRMATIVE DEFENSE**

For further answer and first affirmative defense, to the extent Plaintiffs asserted claims against County Defendants under 42 U.S.C. § 1983, the rights of which Plaintiffs allege Juan Anthony Sancho was deprived were not clearly established and/or violated in bad faith, and thus, County Defendants have qualified immunity from damages arising from such claims and with respect to any litigation involving such claims.

25.

**SECOND AFFIRMATIVE DEFENSE**

For further answer and second affirmative defense, County Defendants are entitled to statutory immunity pursuant to ORS 30.265(5) to the extent Plaintiffs asserted claims which arise from an act or omission of an officer, employee or agent of Jackson County, when such officer, employee or agent was immune from liability.

26.

**THIRD AFFIRMATIVE DEFENSE**

For further answer and third affirmative defense, County Defendants are entitled to statutory immunity pursuant to ORS 30.265(6) to the extent Plaintiffs asserted claims based upon the performance of or the failure to exercise or perform a discretionary function or duty.

27.

**FOURTH AFFIRMATIVE DEFENSE**

For further answer and fourth affirmative defense, County Defendants' liability to Plaintiffs is limited by ORS 30.260 to 30.300.

28.

**FIFTH AFFIRMATIVE DEFENSE**

For further answer and fifth affirmative defense, County Defendants allege that Plaintiff's complaint fails to state sufficient facts upon which relief can be granted and fails to state sufficient facts to constitute any claim against Jackson County, David Dalton, Brady Bjorklund, Michael Hammond, and DOES 1 through 10.

29.

**SIXTH AFFIRMATIVE DEFENSE**

For further answer and sixth affirmative defense, County Defendants allege that Deputy Dalton's, Deputy Bjorklund's, Deputy Hammond's, and Does 1 through 10's use of force was justified and reasonable under the circumstances.

30.

**SEVENTH AFFIRMATIVE DEFENSE**

For further answer and seventh affirmative defense, County Defendants allege that Deputy Dalton's, Deputy Bjorklund's, Deputy Hammond's, and Does 1 through 10's use of force was reasonably believed to be necessary to defend the deputies, and/or a third person from the use or imminent use of physical force, and/or damage to county property, and/or pursuant to ORS 161.267 and/or ORS 161.205.

31.

**EIGHTH AFFIRMATIVE DEFENSE**

For further answer and eighth affirmative defense, County Defendants reserve all defenses arising from provisions of the Prison Litigation Reform Act (PLRA), including the provision requiring exhaustion of administrative remedies to plaintiff's claims. Upon completion of discovery in this case, Defendants may yield on this affirmative defense if evidence

establishes that Plaintiff complied with the requirements of the PLRA.

32.

### NINTH AFFIRMATIVE DEFENSE

For further answer and ninth affirmative defense, to the extent Plaintiffs asserted claims against County Defendants under a theory of negligence, Juan Anthony Sancho was contributorily and comparatively negligent, Plaintiffs are not entitled to recovery from County Defendants, and to the extent they are entitled to a recovery from County Defendants that amount is subject to reduction. Any injury suffered by Juan Anthony Sancho and Plaintiffs was caused by Juan Anthony Sancho's own negligence in one or more of the following particulars:

- A. In failing to follow the instructions of Ashland law enforcement officers;
- B. In resisting arrest by Ashland law enforcement officers;
- C. In failing to follow the instructions of jail deputies;
- D. In slipping his handcuffs from back to front;
- E. In striking jail property, including a window, with his handcuffs; and
- F. In his degree of intoxication in public, refusal to comply with ORS 430.399, and disorderly conduct per ORS 166.025(1)(d)

33.

### TENTH AFFIRMATIVE DEFENSE

For further answer and tenth affirmative defense, Plaintiffs' alleged damages, if any, were caused in whole or in part by the acts and omissions of third parties over whom County Defendants had no control.

34.

### ELEVENTH AFFIRMATIVE DEFENSE

Page | 9 – COUNTY DEFENDANTS' ANSWER TO FIRST AMENEDED COMPLAINT

For further answer and eleventh affirmative defense, any damages suffered by Plaintiffs were not the direct and proximate result of County Defendants' actions.

35.

**TWELFTH AFFIRMATIVE DEFENSE**

For further answer and twelfth affirmative defense, County Defendants allege that any recovery on the complaint is barred by the doctrine of unclean hands. This includes, but is not limited to, interference with a peace officer, and/or disrupting order and discipline in a correctional institution.

36.

**THIRTEENTH AFFIRMATIVE DEFENSE**

For further answer and thirteenth affirmative defense, County Defendants allege that under the Oregon Torts Claim Act there was justification, or privilege allowing, for any use of force in all claims for assault, battery, intentional infliction of emotional distress, and negligence.

37.

**FOURTEENTH AFFIRMATIVE DEFENSE**

For further answer and fourteenth affirmative defense, County Defendants allege that Plaintiff's damages, if any, were caused by and contributed to by his failure to mitigate those damages.

38.

County Defendants cannot fully anticipate all the affirmative defenses that may be applicable to this action, and accordingly reserve the right to assert additional affirmative defenses as the discovery and investigation proceeds.

39.

To the extent that any allegations in Plaintiff's Complaint are not addressed above, they are denied.

40.

**WHEREFORE**, having fully answered Plaintiffs' Complaint, County Defendants respectfully pray that judgment be entered in their favor and that they receive an award of their costs, disbursements, and attorney's fees incurred herein.

DATED: April 22, 2021

/ s / Johan Pietila
Johan Pietila, OSB #151373
Pietiljr@jacksoncounty.org
Attorney for County Defendants

CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2021, the foregoing COUNTY DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT was served on all parties by electronic means through the Court's Electronic Case File system.  Plaintiff's Attorneys were also served by first class mail at the following addresses:

Richard Thierolf
rthierolf@jtdlegal.com
2 North Oakdale Avenue
Medford, OR 97501

Matthew Rowan
mrowan@collinsrowan.com
219 S. Holly Street
Medford, OR 97501

Dated:  April 22, 2021

                                            / s / Johan Pietila
                                            Johan Pietila, OSB #151373
                                            Pietiljr@jacksoncounty.org
                                            Attorney for County Defendants