**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 6 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN ANTHONY SANCHO,<br><br>      Plaintiff - Appellee,<br><br> v.<br><br>COUNTY OF JACKSON, an Oregon governmental entity; DAVID L. DALTON, in his individual and official capacity as a deputy employed by Jackson County Sheriff's Department; BRADY BJORKLAND, in his individual and official capacity as a deputy employed by Jackson County Sheriff's Department; MICHAEL HAMMOND, in his individual and official capacity as a deputy employed by Jackson County Sheriff's Department; JEFFREY CARPENTER, in his individual and official capacity as Deputies Employed By The Jackson County Oregon Sheriff's Department; STEPHEN DAFFRON, in his individual and official capacity as Deputies Employed By The Jackson County Oregon Sheriff's Department; TAWNYA SELLERS, in her individual and official capacity as Deputies Employed By The Jackson County Oregon Sheriff's Department; DANIELLE THURNBAUER, in her individual and official capacity as Deputies Employed By The Jackson County | No. 24-447<br><br>D.C. No.<br>1:20-cv-01232-CL<br><br>MEMORANDUM* |

---

     *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| |
|---|
| Oregon Sheriff's Department, |
| Defendants - Appellants. |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted February 4, 2025[**]
Portland, Oregon

Before: BEA, KOH, and SUNG, Circuit Judges.

This matter arises from an incident at the Jackson County Jail in Medford, Oregon. Juan Anthony Sancho sued the jail officials involved in his detention under 42 U.S.C. § 1983, alleging that they violated his rights under the Fourth and Fourteenth Amendments to be free of excessive force and punishment as a pretrial detainee. Jackson County Sheriff's Deputies David Dalton, Brady Bjorklund, Michael Hammond, and Danielle Thurnbauer (collectively, "Appellants") appeal the district court's denial of summary judgment and assert that they are entitled to qualified immunity. As the parties are familiar with the facts, we do not recount them here. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

"We review *de novo* a denial of summary judgment predicated upon qualified immunity." *Cox v. Roskelley*, 359 F.3d 1105, 1109 (9th Cir. 2004). On

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

interlocutory appeal from the denial of qualified immunity, we have jurisdiction to resolve a defendant's "purely legal . . . contention that [his or her] conduct did not violate the [Constitution] and, in any event, did not violate clearly established law." *Est. of Anderson v. Marsh*, 985 F.3d 726, 731 (9th Cir. 2021) (alterations in original) (citation and internal quotation marks omitted). "We must affirm the district court's denial of qualified immunity if, resolving all factual disputes and drawing all inferences in [Sancho's] favor, [Appellants'] conduct (1) violated a constitutional right (2) that 'was clearly established at the time of [their] alleged misconduct.'" *Rosenbaum v. City of San Jose*, 107 F.4th 919, 924 (9th Cir. 2024) (citation omitted).

The district court properly denied summary judgment because genuine issues of material fact exist as to whether Appellants are entitled to qualified immunity. The Fourteenth Amendment prohibits all punishment of pretrial detainees. *See Vazquez v. Cnty. of Kern*, 949 F.3d 1153, 1163–64 (9th Cir. 2020). "For a particular governmental action to constitute punishment, (1) that action must cause the detainee to suffer some harm or 'disability,' and (2) the purpose of the governmental action must be to punish the detainee." *Demery v. Arpaio*, 378 F.3d 1020, 1029 (9th Cir. 2004). Although jail officials are entitled to some deference in managing security concerns, "that deference must be set aside where the record contains substantial evidence showing their policies are an unnecessary

or unjustified response to problems of jail security[.]" *Shorter v. Baca*, 895 F.3d 1176, 1183 (9th Cir. 2018) (cleaned up) (citation omitted).

Viewing the facts in the light most favorable to Sancho, Sancho was a non-violent minimum-security-risk detainee with his hands cuffed securely behind his back. Given these facts, the district court correctly determined that a reasonable juror could find that handcuffing Sancho to a urine-covered grate for multiple hours had no legitimate security purpose and served only to punish him. *See id.* at 1187 (holding that substantial evidence showed that a jail's "practice of chaining noncompliant detainees to their cell doors was an exaggerated response to jail officials' need for security and was not entitled to deference").

Appellants contend that no clearly established law gave the jail officials fair notice that handcuffing Sancho to the urine-covered grate violated the Constitution. We disagree. Prior to the incident, clearly established law explained that when a pretrial detainee is detained behind a locked door and handcuffed, shackling the detainee to a fixed object for an extended period in a humiliating position is "an exaggerated response to jail officials' need for security." *Id*. In addition, viewing the evidence in the light most favorable to Sancho, both Federal Bureau of Prison guidelines and Jackson County's policies prohibited shackling Sancho in this manner. *See Vazquez*, 949 F.3d at 1164–65 ("Training materials and regulations are also relevant, although not dispositive, to determining whether reasonable

4

officers would have been on notice that their conduct was unreasonable.").

"Because [Appellants'] entitlement to qualified immunity ultimately depends on disputed factual issues, summary judgment is not presently appropriate." *Est. of Lopez v. Gelhaus*, 871 F.3d 998, 1021 (9th Cir. 2017).

**AFFIRMED.**